ELIAS DOTY, Appellant, v. C. W. BRASKA ET AL., Appellees.

**Signatures:** GENUINENESS: EVIDENCE. The genuineness of the signature to an instrument may be put in issue by proper pleading, and where this is done the party relying upon the instrument has the burden of showing its genuineness; and upon his failure to offer any further evidence on the subject than the instrument itself a verdict should be directed against him on that issue.

*Appeal from Linn District Court.*—HON. W. N. TREICHLER, Judge.

FRIDAY, JULY 8, 1910.

THE opinion states the case. *Affirmed.*

*Elias Doty, pro se.*

*S. K. Tracy* and *Barnes & Chamberlain,* for appellees.

.PER CURIAM.—The petition states a cause of action at law upon the official bond of the defendant Braska as clerk of the district court as follows: That one O. D. Doty being held to appear upon a criminal charge pending against him in the district court, and required to give bail in the sum of $250, one Bentel deposited said sum in money in lieu of a bond with Braska as clerk of the court;

that thereafter said O. D. Doty having been tried upon
said charges and found guilty was adjudged to pay a fine
of $25, which sum was then and there paid and the bail
aforesaid was ordered exonerated. It is further alleged
that said Bentel assigned to the plaintiff, Elias Doty, his
right to demand and receive the return of the bail deposited
as aforesaid, which assignment, it is averred, was in writ-
ing and a copy thereof set out in the pleading. The peti-
tion further alleges a demand upon Braska for the money
and a refusal to return or account for the same, and asks
for judgment upon his official bond for the amount with
interest. For answer to this claim the defendants allege
there was no consideration for the alleged assignment to
the plaintiff, and that defendants have no knowledge or
information sufficient to enable them to form a belief as
to the genuineness of the signature to the assignment
pleaded in the petition. On the trial the plaintiff offered
in evidence the records in the criminal proceeding relating
to the bail and its due exoneration, together with the as-
signment of the right to receive the return of the deposit
to himself. Upon this showing the parties rested and de-
fendants moved for a directed verdict in their favor, be-
cause of an entire failure of proof of the genuineness of
the signature of the alleged assignor of the claim and cause
of action to the plaintiff. This motion was sustained, a
verdict returned for the defendants, and plaintiff appeals.

Our practice statute expressly provides that a party
may put the genuineness of a writing in issue by an an-
swer such as was filed in this case. Code, section 3640.
The issue being raised, the burden was upon the plaintiff
to offer some sort of legitimate evidence as to the character
of the signature attached to the paper under which he
asserts title to the fund in the clerk's hands. This he
did not do or offer to do. This defect in his proof was
called to his attention by the objection raised to the suffi-
ciency of the evidence, but he did not see fit to cure it by

a tender of proper testimony, and it is not within the province of this court to make for him a case which, with full notice of the consequences, he refused to make for himself.   Whatever we may think of the defense in this particular case, it is one which the statute gave the defendants the right to plead.   Having pleaded it, they were entitled to demand that plaintiff establish his alleged rights by legal proof of the sufficiency of the assignment. Not having done so, there was no error in directing a verdict against him.

The judgment of the district court is *affirmed*.